**FILED**

2010 JAN -4 AM 11: 18

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

Cynthia Myers
1988 Dwight Avenue
Camarillo, CA 93010
(805) 390-3899

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA MYERS,<br>C/O ESTATE OF JAMES SOLOMON<br><br>PLAINTIFF<br><br>VS<br><br>BANK OF AMERICA, N.A.<br>REGIONAL TRUSTEE SERVICES CORPORATION<br>REGIONAL SERVICE CORPORATION<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS<br>ET AL. Does 1-10<br><br>DEFENDANTS | CASE # SACV10-00003 GAF (AJW)<br><br>VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF TO VOID POWER OF SALE<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## TO VOID POWER OF SALE CLAUSE

NOW COMES Plaintiff, Cynthia Myers care of Estate of James Solomon, (hereinafter collectively referred to as Plaintiff) who files this Verified Complaint for Emergency Declaratory and Injunctive Relief, to Void Power of Sale, and, Cognovit Note/Confession of Judgment, and, to further Enjoin Defendants' from Selling, Converting, or, by any means whatsoever, Dispossessing Plaintiff of Property, until all Facts, are Clarified. In support thereof, Plaintiff hereby avers as follows:

### INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights as enumerated under the First, Fifth, Seventh and Fourteenth Amendments to the United States Constitution.

2. Plaintiff invokes the power of this Court for the deprivation of Plaintiff's Due Process rights; deprivation of Plaintiff's right to redress grievances and access to court; deprivation of Plaintiff's right to property; and, for the

LODGED

2010 JAN -4 AM 10: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1   deprivation of Plaintiff's right to have a jury, as afforded under the First, Fifth,

2   Seventh and Fourteenth Amendments, of the united States Constitution,

3   and, as found in the California State Constitution.

4   **3.**   Plaintiff likewise seeks redress for violations by the Defendants as afforded

5   Plaintiff under the Fair Debt Collection Practices Act.

6   **4.**   Additionally, Plaintiff invokes this court's authority to determine salient

7   questions of contract; including, but not limited to, controversies arising out

8   of unconscionability, adhesion, material misrepresentation and fraudulent

9   concealment.

10  ### JURISDICTION AND VENUE

11  **5.**   This action arises under the United States Constitution, particularly, for violations of

12  Plaintiff's rights under the First, Fifth, Seventh and Fourteenth Amendments; and, under

13  Federal Law, as enumerated under 28 U.S.C. §§ 2201, 2202; and, 42 U.S.C. §§ 1983, and

14  1985.

15  **6.**   This Court has original jurisdiction over Plaintiff's claims by operation of 28 U.S.C. §§ 1331

16  and 1343, and, supplemental jurisdiction over Plaintiff's state claims, pursuant to 28 U.S.C.

17  § 1367.

18  **7.**   This Court is vested with authority to issue the requested Declaratory Relief, pursuant to 28

19  U.S.C. § 2201 and, as further defined under Rule 57, of the Federal Rules of Civil

20  Procedure.

21  **8.**   This Court has the authority to award the requested Injunctive Relief, under Rule 65, of the

22  Federal Rules of Civil Procedure, and pursuant to 28 U.S.C. §§ 2202 and 1343(a)(3).

23  **9.**   This court has authority to award Plaintiff, damages arising under violations of the Fair Debt

24  Collection Practices Act.

25  **10.**   This Court has authority to award Plaintiff damages under 28 U.S.C. § 1343(a)(1)(2)(3)(4).

26  **11.**   This Court has authority to award attorney fees, as to be incurred by Plaintiff under 42

27  U.S.C. § 1988.

28

12. Plaintiff avers venue is proper under 28 U.S.C. § 1391 as the claims set forth in this complaint arose here, and because of information and belief of Plaintiff, most if not all of the Defendants are located in and/or maintain a registered office within this venue.

13. In the alternative, Plaintiff avers that in the absence of the above, this Court retains venue over the claims set forth herein, under 28 U.S.C. § 1332 governing diversity of the parties.

## PARTIES

14. Plaintiff Cynthia Myers is an adult individual, whom at present to the filing of this complaint, owns real property located at 1988 Dwight Avenue, Camarillo, CA 93010.

15. Defendant Bank of America, N.A. is, at all material times relevant to this complaint, claims to be the original lender. Defendant lists their address as 100 North Tryon Street, Charlotte, NC 28255.

16. Regional Service Corporation has been named as a substitution of Trustee under Deed of Trust by means of substitution of trustee document executed on June 25, 2009. Former Trustee under Deed of Trust being Northwest Trustee Services, Inc. Defendant Regional Service Corporation, as successor trustee, lists their address as 616 1st Avenue, Suite 500, Seattle, WA 98104.

17. Defendant Mortgage Electronic Registration Systems (MERS) has been listed upon the Deed of Trust as beneficiary under security agreement acting as a nominee for lender and lenders successors and assigns. Plaintiff believes, upon recent research, that MERS is nothing more than a glorified warehouse for depositing of security notes, that is willfully and intentionally used to hide the true identity of who actually holds the note(s). Defendant MERS lists their address as P.O. Box 2026, Flint, MI 48501-2026

*WARNING NOTICE: DEFENDANT PARTIES HAVE HEREBY BEEN NOTICED BY THIS COMPLAINT AND SERVICE THEREOF UPON ALL ABOVE LISTED DEFENDANTS, THAT ANY FURTHER PROCEEDINGS TO VIOLATE THE DUE PROCESS OF PLAINTIFF WILL BE CAUSE TO RESULT IN LOSS OF ANY CLAIM OF IMMUNITY.*

*ACTUAL CONSTRUCTIVE NOTICE: TO ALL NAMED DEFENDANTS HEREIN, YOU ARE ADVISED TO PRODUCE THE AFOREMENTIONED DOCUMENTS – IF YOU PROCEED IN SELLING OF THIS PROPERTY YOU MUST PRODUCE THE ACTUAL UNALTERED PROMISSORY AND TRUSTEE NOTES. IN BEING SOLD THOSE NOTES WOULD REMAIN IN THE STREAM OF COMMERCE AND BOTH NOTES MUST BE RETURNED OR AN ASSUPSIT SUIT WILL BE FILED TO COLLECT THE ACTUAL VALUE OF BOTH NOTES AND INCLUDING BUT NOT LIMITED TO ANY OTHER ACTION TO POTENTIALLY INCLUDE A CRIMINAL COMPLAINT FOR VIOLATIONS OF 18 USC SECTIONS 1621 AND 2076.*

### PROCEDURAL HISTORY

18. Plaintiff hereby incorporates all previously numbered paragraphs as if they are set forth at length, herein.

19. On or about August 9, 2007 James Solomon, deceased, unwittingly executed a Deed of Trust; the exact terms of which, and, the extent to which it adversely affected Plaintiff's rights, without recourse, were purposely left unknown. The Deed of Trust was subsequently recorded with the County Recorders Office. The said Deed of Trust was styled as a Reverse Mortgage.

20. The aforesaid Deed is void of any explicit warning(s) that upon Plaintiff's acknowledgement thereof, stripped Plaintiff of certain fundamental rights as otherwise guaranteed by the United States Constitution and the applicable Amendments appertaining thereto.

21. The property in question being the estate of James Solomon was transferred to biological daughter Cynthia Myers. This transfer occurred on November 10, 2008.

22. On or about September 27, 2009 a Notice of Trustee Sale was issued by Regional Trustee Services Corporation.

23. It is alleged that Regional Trustee Services Corporation is without lawful authority attempting to deprive Cynthia Myers of property by means of fraud as spelled out extensively in this complaint.

## FIRST CAUSE OF ACTION FOR DEPRIVATION OF PLAINTIFF'S DUE PROCESS

24. Plaintiff hereby incorporates all previously numbers paragraphs as if they are set forth at length, herein.

25. Plaintiff, avers that, prior to, during and up to recent event, Plaintiff had no knowledge whatsoever as to particular terms contained within the Deed of Trust, which, Plaintiff learned much later, contained, inter alia, a small and somewhat hidden and/or disguised provision, known as a Power of Sale Clause that, Plaintiff now finds defendant wanton to, individually and severally invoke, in order to literally confiscate Plaintiff's property without due process.

26. Whereas, normally, at minimum, each page of an important (life-altering) document, such as a Deed of Trust, would require initialing of the party executing it, (as to signify the obligor's acknowledgement thereof). Defendants furthered their concealment by not only directing Plaintiff away from certain terms/clauses and alike, but are wholly without evidence via initialing of these terms/clauses, that would have otherwise alerted Plaintiff to the extent of what rights were truly being abrogated.

27. Plaintiff believes and therefore avers, that Defendants willfully and intentionally concealed the aforesaid Clauses, and any irrevocability thereafter imparted to the sole detriment of Plaintiff, including, but not limited to, the preclusion to commence any action in defense of Plaintiff's rights, for the expressed purpose of depriving an otherwise unknowing Plaintiff of fundamental rights to Due Process, by nothing less than despicable and clearly unconscionable means.

28. Federal questions of constitutionality arise from the conduct and nature of Defendants' actions, both individually and collectively, insofar as to the inherent rights that may be otherwise enjoyed by Plaintiff, as insured under the Fifth and Fourteenth Amendments to the United States Constitution; and, as to certain statutorily clothed tetherings upon ones rights; particularly, a Power of Sale clause, and the irrevocable means by which it attaches, in defiance of the Supremacy Clause of the United States Constitution.

29. The Fourteenth Amendment to the United States Constitution reads, in pertinent part "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are

citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

30. Plaintiff states that Amendment V of the Constitution of the United States provides the same answer being raised by the Plaintiff that: **"No person shall be deprived of life, liberty, or property without due process of law." A similar provision exists in all the state constitution; the phrases "Due Course of Law", and the "Law of the Land" are sometimes used; but all three of these phrases have the same meaning and that applies conformity with the ancient and customary laws of the English people or laws indicated by parliament. Davidson v. New Orleans 96 U.S. 97, 24, L Ed 616.**

31. The Supremacy Clause of the United States Constitution, Article VI, paragraph 2, mandates that State judges, regardless of state constitutional considerations, and laws enacted to the contrary, by effectuating the united States Constitution and its amendments as being the "supreme law of the land".

32. The Supremacy Clause reads in pertinent part, "This Constitution and the Laws of the United States in Pursuance thereof; and all treaties made or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every state shall be bound thereby, any Thing in the Constitution or the Laws of any State to the contrary notwithstanding."

33. The Due Process Clause of the United States Constitution requires "timely individual notice…, before their property can be adversely affected". See **Volkswagenwerk Aktiengesallschaft v. Schlunk**, 486 U.S. 694,707 (1988)

34. Plaintiff was (unknowingly) deprived of Due Process (and other) rights, as guaranteed under the Fourteenth Amendment of the United States Constitution and, the California State Constitution; as, Defendants', in the first instance, through <u>unconscionable means</u>, caused to be executed a certain Deed of Trust, which, unknown, nor otherwise explained to Plaintiff,

1   lacked the proper "Notice", having substituted in lieu of, an obscure and/or as yet detected

2   provision for the unfettered power of sale of Plaintiff's property.

3   **35.**   Notice is a Due Process issue, that in the absence thereof, constitutes the abrogation of

4           Plaintiff's substantive and procedural due process rights as afforded under the **Fifth (5th)**

5           and **Fourteenth (14th) Amendments**, guaranteed Plaintiff by the **United States**

6           **Constitution**.

7   **36.**   **Mullane v. Central Hanover Bank & Trust Co**., 339 U.S. 306 (1950) ("*An elemental and*

8           *fundamental requirement of due process in any proceeding which is to be accorded finality*

9           *is notice reasonably calculated, under all the circumstances, to apprise interested parties of*

10          *the pendency of the action and to afford them an opportunity to present their objections.*")

11  **37.**   The Constitution of the United States and California makes it illegal for any one to take

12          property without just compensation and by this amendment (5th) there can be no proceeding

13          against life, liberty, or property which may result in the observance of those general rules

14          established in our system of Jurisprudence for the security of private rights which

15          guarantees to each citizen the equal protection of the laws and prohibits a denial thereof by

16          any Federal official." (See rights) **Bolling v. Sharpe, 327 U.S. 497.  U.S. vs Kuwzbzva**

17          **(DC-CAL) 56F Supp. 716.**

18  **38.**   The terms "due process of law" and "natural rights" as used in the Federal Constitution

19          and/or the Declaration of Independence, have been repeatedly declared to be the exact

20          equivalent of the phrase "law of the land" as used in the **Magna Charta. 16 Am. Jur. 2d**

21          **547;**

22  **39.**   Plaintiff seeks this Honorable court's immediate intervention and subsequent determination

23          of the foregoing, for purposes of protecting Plaintiff's constitutional and other rights as

24          otherwise afforded Plaintiff.

25

26

27

28

## SECOND CAUSE OF ACTION FOR DEPRIVATION OF PLAINTIFF'S RIGHTS UNDER COGNOVIT NOTE

40. Plaintiff hereby incorporates all previously numbered paragraphs as if they are set forth at length herein.

41. Upon information and belief of Plaintiff, a power of sale clause, whether evidenced or not, within a Deed of Trust, is akin in performance to a cognovit note and/or confession of judgment, however, it operates far more insidiously; as, it specifically robs the (unknowing) maker of certain or otherwise assured rights and remedies, including, but not limited to Due Process, and redress by appeal, while wholly evading the requisite (form and manner of) noticing as encumbering cognovits or confessions.

42. Upon information and belief of Plaintiff, the hidden power of sale clause, which in effect, creates a cognovit note/confession of judgment, as irrevocably granted in a Deed of Trust, does just that; it creates conditions that are in violation of the California Constitution.

43. WHAT IS A COGNOVIT NOTE? A cognovit note is not an ordinary note. It is indeed an extraordinary note, which, authorizes an attorney to confess judgment against the person or persons signing it. It is written authority of the debtor and a direction by them for the entry of a judgment against debtor, if the obligation set forth in the note is not paid when due.

44. Such a judgment (of confession) may be taken by any person or any company holding the note, only if specifically and diligently pointed out and discussed as to the legal ramifications in so doing, for it cuts off every defense which the maker of the note might otherwise possess. It likewise cuts off all rights of appeal from any judgment taken on it.

45. According to The United States Supreme Court, "a cognovit note is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the debtor".

46. Justice Blackmun, expressing the unanimous view of the court in **Overmyer v. Frick,** 405 U.S. 174, 92 S.Ct. 775, L.Ed.2d 124 (1972), stated the criteria for establishing constitutionality of a Cognovit Note is not determine upon the theory of the note but the

1    method used by both parties to afford each other due process protection afforded by the

2    Fourteenth Amendment. *(Emphasis added)*

3    47.   Justice Blackmun stated, "…[i]t was held that (1) a cognovit clause was not, per se, violative

4          of the Fourteenth Amendment due process requirements as to prejudgment notice and

5          hearing, and (2) under the facts in the instant case, (**Overmyer**) due process was not

6          violated by the entry of the confessed judgment, since the record established that the debtor

7          had knowingly and voluntarily waived its rights to notice and hearing, with full awareness of

8          the legal consequences, by executing the cognovit note, which was supported by

9          consideration from the creditor, and which had resulted from negotiations between the

10         parties of equal bargaining power,…" *Id (Emphasis added)*

11   48.   Justice Douglas, joined by Justice Marshall concurring, stated, in effect that, (1) the record

12         must establish that a clear and unmistakable, voluntarily and intelligently valid waiver of the

13         debtor's constitutional rights, (2)… a trial judge was required to vacate a judgment obtained

14         through a cognovit clause when presented sufficient evidence of an affirmative defense to

15         pose a jury question, a preponderance of evidence burden not being imposed, and (3) the

16         preponderance of the evidence in the (present) case does not support even a conclusionary

17         finding that Plaintiff was even aware of the existence of any cognovit note, let alone

18         intentionally, deliberately, knowingly and intelligently waive due process rights.

19   49.   Justice Douglas, further observed, "Debtors receive the benefit of credit at a lower rate of

20         interest than they would receive if they did not give the creditor the right to confess judgment

21         against them. Nevertheless, the right to be heard in court is central to our system of justice,

22         and, as with other constitutional rights, there is no presumption of waiver." **Overmyer, 405,**

23         **U.S. 174, 31 L. 2d 124, 92S.Ct. 775 (1972) and its companion case, Swarb v. Lennox,**

24         **405 U.S. 191, 31 L. ed.2d 138, 92 S.Ct. 767 (1972) and at 186, 188.** *(Emphasis added)*

25   50.   Based upon the Defendants' lack of credible evidence and/or proof that Plaintiff ever waived

26         or was ever advised of legal detriment upon the signing of what must be characterized, at

27         best, as a hidden cognovit clause, is just preposterous and is sufficient to warrant

28         presentation to a jury.

51. In order to help determine the validity of the cognovit note and/or confession of judgment before this Court, one must concede that the mentioned contract containing the hidden clause, was never explained to the Plaintiff, so Plaintiff was never aware of waiving Fourteenth Amendment rights through a contract of adhesion (illegal and/or void contract) or the product of disparity in the parties' bargaining power.

52. Most contracts of adhesion are either procedural and/or substantively unconscionable and, the unconscionability alone should void the cognovit clause of this adhesion contract.

53. Plaintiff is aware that in a civil proceeding, acquiescence in the loss of fundamental rights will not be presumed, and, that the rights to due process in a civil judgment are subject to waiver. Plaintiff emphatically states that the contract of adhesion was a take it or leave it offer and the cognovit clause was never an issue raised with emphasis, or even raised at all, by the Defendants during the signing ceremonies.

54. Based upon the Plaintiff's recent extensive study of cognovit notes for this matter; (1) this contract was never open to any negotiations, for it was a contract of adhesion, as the parties were not parties of equal bargaining power; (2) the Defendants never gave the Plaintiff any extra consideration in order to obtain any confession of judgment (cognovit note) clause, nor was the cognovit issued under any other substantial benefit and/or consideration including and not limited to a reduction in installment payments or reduction in interest rates; (3) there was no contention or acknowledgment that the Plaintiff was aware of the legal (detrimental) consequences of the cognovit provision; (4) this Court should vacate this prejudgment (confession of judgment or cognovit note) as a matter of law for showing that Plaintiff's natural Rights to due process were violated.

55. The clear lack of evidence that Plaintiff ever intentionally, deliberately, and/or knowingly waived due process rights is further supported by this very Complaint. **Natural rights cannot be waived even if that is the intent of the Plaintiff.**

56. At all times material to this Complaint Plaintiff never waived Constitutional rights to a trial by jury under any circumstances, much less willingly, knowingly, or intentionally.

57. The United States Supreme Court and the great majority of State Supreme Courts have all adopted the concept as; State's that use cognovit procedure was found unconstitutional, unless, the debtor knowingly and understandingly consented to the authorization to confess judgment.

58. **In National Equipment Rental, Ltd. v. Szukent, 375, U.S. 311 (1962),** the Court observed: "It is settled …that parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even to waive notice altogether." **Id., at 315-316.**

59. And, in **Boddie v. Connecticut,** supra, the Court acknowledges that "the hearing required by due process is subject to waiver." **401 U.S., at 378-379.** In another case on point is from New Jersey when the Chief Justice described in a rather condescending tone, "a cognovit note is the loosest way of binding a man's property that was devised in any civilized country." **Alderman v. Diament, 7 N.J. L. 197, 198.**

60. The Supreme Court clarified another part of cognovit note when the Court stated, "we do not presume acquiescence in the loss of fundamental rights, **Ohio Bell Tel., Co. v. Public Utilities Comm'n, 301 U.S. 292, 307 (1937),** that standard was fully satisfied here."

61. The United States Supreme Court makes it very clear that any one may waive their due process rights and/or any other right but in order to do so, one must intentionally, knowingly, deliberately, and voluntarily do so.

62. The consequences or legal detriment to waiving one's Rights must be based only upon an intelligent decision having been presented with the consequences of entering into an agreement having a cognovit clause, (note and/or confession of judgment clause).

63. Because a cognovit note deprives the debtor knowledge and of notice that their property is being seized, without recourse, or, without benefit of hearing or appeal, courts demand "**clear and convincing evidence**" that the written waiver is "**voluntary, knowing, and intelligently made.**" The question of waiver is factual not presumptive. This, a jury must decide.

64. The Plaintiff is now schooled in the confession of judgment theory through Defendants' application of a hidden within, cognovit note, and, agrees that the knowing and voluntary waiver of one's due process Rights would be pertinent, if, it was truly evident in the present case. Plaintiff agrees that the due process rights to notice and hearing prior to a civil judgment are subject to waiver.

65. Because the cognovit note deprives the debtor of notice that their property is about to be seized, without benefit of hearing, or right to appeal, courts demand "clear and convincing evidence" that the written waiver was "voluntary, knowing, and intelligently made."

66. In order for the Defendants to substantially support their position that Plaintiff did voluntarily waive due process rights, Plaintiff states that there was never any warning paragraph, bold letters, bold sentences and/or no warning statement to merit any concern on behalf of the Plaintiff. One would think to guarantee this basic constitutional question, which is now before this court, the Defendants should have a warning as the following warning to serve as an example:

   **"WARNING –By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your knowledge and the powers of a court can be used to collect from you or your employer regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on their part to comply with the agreement, or any other cause."**

67. Plaintiff once again reiterates that Plaintiff was never made aware of any cognovit note and/or confession of judgment at the time of their entering into the contract with the Defendants, or that, Plaintiff ever knowingly waived any Constitutionally guaranteed rights. Defendants never spent any time on this subject with Plaintiff.

68. After carefully examining the executed documents Plaintiff still cannot find any specific references that Plaintiff has, in any way, waived any Constitutionally guaranteed rights upon execution of Defendants' documents.

69. Based upon further review, the Plaintiff never witnessed and/or was never verbally instructed, concerning the loss of due process rights. Any one may give up their rights, but, only those specifically bargained for.

70. Further, Plaintiff never knowingly, and voluntarily waived rights to notice and hearing, and, was wholly unaware of the legal consequences appertaining thereto.

71. Plaintiff moves this Court to vacate the illegally obtained cognovit note and protect Plaintiff's due process Rights from further willful deprivations by Defendants.

72. This Court must hear the constitutional questions as a matter of law and have a jury to determine due process violations as questions of fact.

## THIRD CAUSE OF ACTION FOR DEPRIVATION OF PLAINTIFF'S RIGHTS DUE TO UNCONSCIONABILITY AND ADHESION CONTRACTS

73. Plaintiff hereby incorporates all previously numbered paragraphs as if they are set forth at length herein.

74. Other factors that this Court must take into consideration, besides the unconstitutionality of the purposefully disguised confession of judgment, and/or the cognovit note, incognito, but also must consider contracts of adhesions are procedurally and substantively unconscionable contracts, and contract foundations built upon mistakes, inadvertence, excusable negligence, newly discovered information, fraudulent conveyance, misrepresentation and fraud in the inducement in violation of Federal and California State law.

75. The very existence of a contract is the very heart of our commercial system as both parties operate in good faith and any "illegal provisions of the contract are "void," and thus those provisions were never part of a validly formed contract." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1140 (9th Cir. 1991),* and "voidness" challenges go to the very existence of a contract provision, and are not merely a defense to a legally formed contract." And one valid defense that the Defendants are raising is "unconscionability is not merely a defensive doctrine but rather it goes to the predicate of whether a contract was validly formed in the first place." *California Grocers Ass'n, Inc. v. Bank of America,* 22

1    Cal.App.4th 205, 217 1994): and the "Doctrine of Unconscionability," procedural and/or

2    substantively are the tools to determine the validity of any contract thus ignoring for now the

3    four main elements of a contract.

76.    Plaintiff is raising the unconscionability (**ARS 47-2302 Unconscionable contract or**

**clause**) as referenced in "***Blake v. Ecker*, 93 Cal.App.4th 728, 742 (2001)"** (the

substantive element of unconscionability "traditionally involves contract terms that are so

one-sided as to 'shock the conscience' *or that impose harsh or oppressive terms*.")

(emphasis added) (citing ***Armendariz*, 24 Cal.4th at 114**). Any one who would knowingly

agree to a non-judicial foreclosure, where the illegal bank appointed trustee has the power

to foreclose on your home at his and/or her whim, is ludicrous and would have to be totally

incompetent.

77.    The contract is procedurally unconscionable if "the contract is a standard-form contract,

drafted by the party with superior bargaining power, which relegates to the other party the

option of adhering to its terms without modification or rejecting the contract entirely."; ***Flores***

***v. Transamerica HomeFirst, Inc.*, 93 Cal.App.4th 846, 853 (2001) (same); *Mercuro v.***

***Superior Court*, 96 Cal.App.4th 167, 174 (2002), *rev. denied.***

78.    Plaintiff states emphatically that this Court should grant the temporary injunction to allow

defendants sufficient time to dis-prove that the Deed of Trust is, in fact, a contract void ab

initio, and, to dispute Plaintiff's averment to the contrary, that the creation of the contract is

supported by a clear and convincing intent of the Plaintiff, for existence of mutual or

reciprocal assent. **Sanford v. Abrams (1888) 24 Fla 181, 2 So 373; Ross v. Savage**

**(1913) 66 Fla 106, 63 So 148; McCay v. Sever (1929) 98 Fla 710, 124 So 44; United**

**State Rubber Products, Inc. v. Clark (1941) 145 Fla 631, 200 So 385; Mann v.**

**Thompson (1958, Fla App D1) 100 So 2d 634.**

79.    The Plaintiff hereby states that for a valid contract to exist with the Defendants and/or any

creditor, the contract must have assent be to a certain and definite proposition. For

example, this Court, operating under cold neutrality, should demand that both sides produce

all the substantial records, including and not limited to the accounting records for a

determination as far as consideration. **Fincher v. Belk-Sawyer Co. (1961, Fla App D3) 127 So 2d 130; Goff v. Indian Lake Estates, Inv. (1965, Fla App D2) 178 So 2d 910; Hewitt v. Price (1969, Fla App D3) 222 So 2d 247.**

80. The Plaintiff contends that without a meeting of the minds of the parties on an essential element (consideration), there can be no enforceable contract. **Hettenbaugh v. Keyes-Ozon-Fincher Ins., Inc. (1962, Fla App D3) 147 So 2d 328; Goff v. Indian Lake Estates, Inc. (1965, Fla App D2) 178 So 2d 910.**

81. The Plaintiff has established enough doubt as to the validity of an enforceable contract that this court is required to determine the enforceability of the contract and determined what party breached the terms and conditions of the contract and in order to form a valid contract, the parties must have a distinct understanding, common to both, and without doubt or difference. Unless all understand alike, there can be no assent, and therefore no contract. **Webster Lumber Co. v. Lincoln (1927) 94 Fla 1097, 115 So 498; Minsky's Follies of Florida, Inc v. Sennes (1953 206 F2d 1; O'neill v. Corporate Trustees, Inc. (1967) 376 F2d 818.**

82. The Plaintiff hereby declares that the Defendants have greatly injured the Plaintiff through and not limited to misrepresentation, truth in lending, UDAP and unjust enrichment as a result of the Defendant's deliberate, conspired, intentional, and malicious fraud. Further, Defendants' and/or their counsel have violated, inter alia, the Professional Code of Conduct and procured this illegal and/or voidable contract which lacks the essential elements of real assent and obtained the Plaintiff's Signature as result of the exercise of duress or undue influence by the other party, or procured by the fraud of one of the parties, lacks the essential element of real assent and may be avoided by the injured party. **Wall v. Bureau of Lathing and Plastering (1960, Fla App D3) 117 So 2d 767.**

83. Being that the Plaintiff is asking for this court to protect Plaintiff's due process rights and stay the sale and provide the Plaintiff with their right to a Trial by Jury for the Plaintiff never agreed to a non-judicial foreclosure and any creditor must prove compliance with all the terms and conditions and specifically consideration and substantiate actual assent by the

parties upon <u>exactly the same matters is indispensable to the formation of a contract.</u> **Bullock v. Hardwick (1947) 158 Fla 834, 30 So 2d 539: Hettenbaugh v. Keyes- Ozon - Fincher Ins. , Inc (1962, Fla App D3) 147 So 2d 328: General Finance Corp. V. Stratton (1963 Fla App D1) 156 So 2d 664.**

84. Unconscionability is deemed to exist when a two-prong test is met, that is when it is established that both procedural and substantive unconscionability exist*. Blake v. Ecker, 93 Cal App 4th 728 (2001). According to Restatement of Contracts (2nd Ed. 1990)* commentary accompanying section 208.

85. Most state unconscionability jurisprudence is sub-divided into two branches: substantive and procedural. Substantive unconscionability refers to oppressively one-sided and harsh terms of a contract, while procedural unconscionability involves the manner and process by which the terms become part of the contract including unequal bargaining power and hidden contract terms. *Comb v. PayPal Inc., Case No. C-02-1227 and C-02-2777 USDC CA No. Dist. San Jose Div (9th Cir. 2002); Blake, supra; Kloss v. Edward D. Jones & Co., 2002 MT 129; 310 Mont. 123; 54 P3d 1; 2002 Mont. LEXIS 223 (MT Sup Ct 2002).*

86. The process by which a contract comes into existence is at the heart of procedural unconscionability such that the contract in question is typically one of adhesion. **Flores v. Transamerica HomeFirst, Inc., 93 Cal App 4th 846 (2001).**

87. Analysis of unconscionability begins with an inquiry into whether the contract (Deed of Trust) was a contract of adhesion i.e., a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms and the conditions is an oppressive, "take it or leave it offer, an inequality of bargaining position when under scrutiny are so one sided that the terms and conditions are so supportive of the superior bargaining power and actually detrimental or no real negotiations and an absence of meaningful choice through an unequal bargaining position of the weaker party. *Armendariz v. Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 113, 99 Cal. Rptr. 2d 745, 6 P.3d 669 (2000). Graham v. Scissor-Tail, Inc., 28 Cal.3d 807, 819, 171 Cal. Rptr. 604, 623 P.2d 165 & n.16 (1981).*

88. Plaintiff never agreed to place their property in an irrevocable trust, nor, did Plaintiff ever knowingly agree to have their home subject to a power of sale clause. As a matter of fact, Plaintiff hereby declares that they have never heard of that term power of sale, and, what that term meant, until recently.

89. Plaintiff likewise, did not know that the term "seised" imparted a wholly different connotation than "seized", whereby, upon recent understanding of Plaintiff, "seised" indicates that Plaintiff actually owned their property free and clear, without encumbrance, prior to signing a Deed of Trust, without benefit of consideration.

90. The concept of seising, dates back to the middle ages when the serfs, who were made to consider themselves not worthy of owning land, would actually give their properties through seising (gave it away absolutely free) to their masters. Today this unconscionable practice is still being utilized by bankers, constituting an unjust enrichment, through concealment and deception and outright stupidity on this Plaintiff, who suffers from the least susceptible and/or susceptible consumer syndrome.

91. Plaintiff now challenges this practice as being procedural and substantively unconscionable Clauses contained in this referenced contract (Deed of Trust) these should be challenged by this court as the Deed of Trust, did not and does not represent the true intentions of the Plaintiff.

92. Plaintiff would not knowingly agree to the placing of an irrevocable trust against their home by any mortgage company and/or banker and would not have given their property to anyone through the middle ages policy of seising. At trial, it would become apparent that the trier of facts could not find an objectively clear and unambiguous expression of mutual intent of these objectionable and substantively unconscionable shocking terms.

93. In the absence of conflicting parol evidence, the interpretation of a written contract is essentially a judicial function subject to independent review by this Court or on appeal. A trial court's threshold determination as to whether there is an ambiguity permitting the admission of parol evidence is also a question of law subject to independent review.

94. If parol evidence is admissible, and the competent parol evidence is in conflict, the construction of the contract becomes a question of fact. However, if the parol evidence is not conflicting, the appellate court will independently construe the writing.

95. The duty of this Court is to schedule a hearing and permit the Defendants to actually produce documented evidence that Plaintiff, understood that Plaintiff was already lawfully seised of property, prior to signing the Deed of Trust, and thereafter, knowingly, intentionally, and, deliberately agreed to a (unseen) power of sale clause, and, irrevocable grant, executed, without consideration, to the sole benefit of Defendants.

96. However, this Court should also recognize the risk that such provisions may be included in a trust deed or mortgage without the debtor's knowledge or understanding. Clauses such as this are often termed "dragnet" or "anaconda," as by their broad and general terms they enwrap the unsuspecting debtor in the folds of indebtedness and deceptive practices (concealing deceptively, the power of sale clause in which Plaintiff never was told and/or knew that it was actually part of the alleged contract).

97. The proponent of a dragnet clause bears the burden of establishing that the parties intended all existing or contemporaneous clauses to be included within its scope. A trust deed containing a dragnet clause that is printed on a standard bank form is considered a **contract of adhesion** under California law.

98. Although **contracts of adhesion** are generally enforceable according to their terms, a provision contained in such a contract cannot be enforced if it does not fall within the reasonable expectations of the weaker or adhering party.

99. This Court should examine a number of factors in determining whether broadly worded dragnet clauses (Seised and irrevocable trust) was mutually intended by the parties to be included in the terms and conditions: (1) the language and specificity of the dragnet clause; (2) whether the parties were aware of the dragnet clause and appreciated its significance and would have benefited by their existence; (3) were the clauses procedurally and/or substantively unconscionable and benefited the one party at the expense of the other party

taking into account the degree of negotiability being exerted upon the smaller party with inferior bargaining position against the larger party with superior bargaining power.

100. The Defendant's intentional concealment of the Power of Sale Clause in the Deed of Trust further insures Plaintiff's allegations of deceptive intentions of the Defendants.

101. Plaintiff hereby avers that for this Court to precede with this sale, this Court must find an objective and clear unambiguous expression of mutual intent to where the Plaintiff intentionally, deliberately, knowingly desired to place the home into a non-revocable trust, to allow the Defendant's to have the home seised, power of sale and knowingly waived due process rights including and not limited to trial by jury. This Court has in its inherent authority, the duty to stop this "Deed of Trust Sale" upon the unsuspecting mortgagor in the folds of indebtedness embraced and secured in the mortgage which Plaintiff did not contemplate or understand their presence or implications.

102. However, "[t]here are two judicially imposed limitations on the enforcement of adhesion contracts or provisions thereof. The first is that such a contract or provision which does not fall within the reasonable expectations of the weaker or 'adhering' party will not be enforced against him . . . The second - a principle of equity applicable to all contracts generally - is that a contract or provision, even if consistent with the reasonable expectations of the parties, will be denied enforcement if, considered in its context, it is unduly oppressive or 'unconscionable.

103. The irrevocable trust, the hidden power of sale clause, due process violations and the seising clauses are four examples of Plaintiff being involved with procedurally and substantively violations of unconscionability, thus voiding this contract from its incipience.

104. A contract of adhesion is "a standardized contract, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it" *(Armendariz v. Foundation Health Psychcare Serv., 24 Cal 4th 83 at 113 (2000); reflected in Martinez v. Master Protection Corp., 118 Cal. App. 4th 107; 2004 Cal. App. LEXIS 638 (2004)* -- is not unconscionable merely because of disparity of the parties' bargaining position *(Gilmer v. Interstate/Johnson Lane Corp.,*

*500 US 20; 114 L. Ed. 2d 26, 111 St. Ct. 1647 (1991).* Rather, the procedural

unconscionability must co-exist with substantive components that include harsh or one-

sided results that "shock the conscience". **Soltani v. West. & So. Life Ins. Co., 258 F.3d**

**1038 (9th Cir. 2001); Ferguson v. Countrywide Credit Industries, Inc., 298 F.3d 778;**

**2002 U.S. App. LEXIS 14739 (9th Cir. 2002); Circuit City Stores, Inc. v. Mantor, 335**

**F.3d 1101; 2003 U.S. App. LEXIS 14607 (9th Cir. 2003).**

105.  When a party to a contract possesses far greater bargaining power (Defendants and/or any

creditor) than another party (Plaintiff), or when the stronger party pressures, harasses, or

compels another party into entering into a contract, "'oppression and, therefore, procedural

unconscionability, are present." **Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, at 1172**

**(9th Cir. 2003) (quoting Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778 (9th**

**Cir. 2002); Kinney v United HealthCare Services, Inc., 70 Cal App 4th 1322 (1999).**

106.  Substantive unconscionability addresses the fairness of the term in dispute. It traditionally

involves contract terms that are so one-sided as to "shock the conscience," or impose harsh

or oppressive terms. Historically, courts looked to the common law for discerning the

existence of substantive unconscionability as in *Rakoff, Contracts of Adhesion:* **An Essay**

**in Reconstruction,** *96 Harv. L. Rev. 1173, 1179-1180 (1983); Slawson,* **Mass Contracts:**

**Lawful Fraud in California,** *48 S. Cal. L. Rev. 1, 12-13 (1974); K. Llewellyn,* **The**

**Common Law Tradition** *370-371 (1960).*

107.  "The common law, recognizing that standardized form contracts account for a significant

portion of all commercial agreements...subjects terms in contracts of adhesion to scrutiny

for reasonableness." Judge J. Skelly Wright set out the state of the law succinctly in

*Williams v. Walker-Thomas Furniture Co., 121 U. S. App. D. C. 315, 319-320, 350 F. 2d*

*445, 449-450 (1965)* **(footnotes omitted):**

108.  "Ordinarily, one who signs an agreement without full knowledge of its terms might be held to

assume the risk that he has entered a one-sided bargain. But when a party of little

bargaining power, and hence little real choice, signs a commercially unreasonable contract

with little or no knowledge of its terms, it is hardly likely that Plaintiff's consent, or even an

objective manifestation of Plaintiff's consent, was ever given to all of the terms. In such a case the usual rule that the terms of the agreement are not to be questioned should be abandoned and the court should consider whether the terms of the contract are so unfair that enforcement should be withheld."

## DECLARATORY RELIEF

109. Plaintiff hereby incorporates all previously numbered as if they are set forth at length herein.

110. Pursuant to the Declaratory Judgment Act, this Honorable Court may enter a declaratory judgment to determine the rights of the Plaintiff, regarding the aforesaid claims and controversies arising therefrom.

111. The primary purpose of a declaratory judgment is to quickly determine issues, if left otherwise delayed, will cause irreparable injury and harm to the Plaintiff, and, to afford certain relief from uncertainty and insecurity by effectively determining the legal rights, status and relations of the Plaintiff and the defendants.

112. A declaratory judgment is absolutely necessary in the present instance to speedily effectuate the rights and status of Plaintiff in relation to the Defendants as well as delineate the authority of each of the Defendants in their actions as taken against the Plaintiff.

113. Delay in granting Plaintiff's request for a declaratory judgment will result in irreparable harm and injury to Plaintiff, without ability to otherwise address Plaintiff's grievances to the degree and means that would be otherwise availed.

114. Declaratory judgments are proper when (1) an actual controversy exists, (2) litigation appears imminent and inevitable, (3) the Plaintiff has a direct, substantial and present interest, and (4) the declaration sought will be of practical help in ending the controversy.

115. An actual controversy exists between Plaintiff and Defendants, both individually and collectively, as Defendants continue to usurp Plaintiff's rights, unabated, in the wholesale deprivation of Plaintiff's rights and, abrogation of Plaintiff's property.

**116.** Additional litigation is imminent and inevitable, pending this court's determination of the controversy, that in the absence thereof, Plaintiff will be forced to proceed in securing their rights, as opposed to Defendants meritless and/or unlawful actions undertaken against Plaintiff.

**117.** Plaintiff clearly has a direct, substantial and present interest in the controversy.

**118.** A declaratory judgment will aid in ending the controversy, or in the alternative, clearly establish the rights of Plaintiff and the authority and/or lack thereof, of defendant(s).

## INJUNCTIVE RELIEF

**119.** Plaintiff hereby incorporates all previously numbered paragraphs as if they are set forth at length, herein.

**120.** Plaintiff's right to injunctive relief seems clear: An injunction is absolutely necessary to avoid a further and yet greater injury, as result of Defendants continued and unbridled actions.

**121.** It is abundantly clear from the foregoing cause(s) as stated herein, that, sufficient grounds to warrant an injunction have been established, until, all facts are fully and properly clarified, as, to be accomplished following the completion of discovery.

**122.** It is averred that Defendants, both individually and collectively, have acted in bad faith, in their attempts to unlawfully wrestle Plaintiff's property.

**123.** It is averred that Defendants, whether individually and/or collectively, have entered certain documents into the public record, for the purpose of reliance thereupon, which, Plaintiff believes are not supported by the facts, should this Court allow them to be brought to light.

**124.** Plaintiff will be irreparably harmed, without effective recourse, should this Court deny Plaintiff's plea for injunctive relief; whereas, Defendants will not be so harmed, should this court grant Plaintiff's relief, pending the full and complete adjudication of salient issues as raised in this complaint.

**125.** Because of the intentional deceptive nature of the Defendants, this Court should grant the temporary injunction in the name of justice and a matter of good law. "Where

administrative action may result in the loss of property and/or life, or of all that makes life worth living, and doubt as to the extent of power delegated to administrative officials is to be resolved in citizen's favor and court must be especially sensitive to the citizen's rights where proceeding is non-judicial." **United States v. Minker, 350 U.S. 179; 76 S. Ct. 281 (1956).**

## CONCLUSION

Plaintiff respectfully seeks this Court to do their constitutional duty (Oath) that this Court is required to under their Constitutional oath to protect and defend the Constitutional rights of the individual against this corporate giant and ask this Court to protect the Plaintiffs rights according to the "Law of the land," "due process of law," and "due course of law" are synonymous. **People v. Skinner, Cal., 110 P.2d 41, 45; State v. Rossi, 71, R.I. 284, 2d 323, 326; Direct Plumbing Supply Company v. City of Dayton, 138 Ohio St. 540, 38 N.E. 2d 70, 72, 137 A.L.R. 1058; Stoner v. Higginson, 316 Pa. 481, 175 A. 527, 531.**

All litigants have a Constitutional right to have their claims adjudicated according to the rule of precedent. See **Anastasoff v. United States**, 223 F.3d 898 (8th Cir. 2000).

The Plaintiff never knew that Plaintiff was entering into a non-judicial foreclosure contract and was never advised about unknowingly waving Federal and State Constitutional rights to have a trial by Jury. "We are bound to interpret the Constitution in the light of the law as it existed at the time it was adopted." **Mattox v. U.S., 86 S.Ct. 237 (1938).**

"Nothing can be more material to the obligation than the means of enforcement. Without the remedy the contract may, indeed, in the sense of the law, be said not to exist, and its obligation to fall within the class of those moral and social duties which depend for their fulfillment wholly upon the will of the individual. The ideas of validity and remedy are inseparable, and both are parts of the obligation, which is guaranteed by the Constitution against invasion. The obligation of a contract 'is the law

| | |
|---|---|
| 1 | which binds the parties to perform their agreement." **RED CROSS LINE vs. ATLANTIC** |
| 2 | **FRUIT COMPANY. 264 U.S. 109, 68 L. Ed. 582, 44 S. Ct. 274 February 18, 1924** |
| 3 | **Decided.** |
| 4 | For want of all of the above, Plaintiff now seeks this honorable Court's |
| 5 | immediate intervention for the re-establishment and/or protection of Plaintiff's rights. |
| 6 | Plaintiff believes, in consideration of all of the foregoing, that Plaintiff has established just |
| 7 | and proper cause for this Court to immediately intervene, by enjoining Defendants from |
| 8 | any further action, lest further, irreparable harm and injury, and loss of property befall |
| 9 | Plaintiff; and, to further issue declaratory relief consistent herewith. |
| 10 | |
| 11 | **WHEREFORE,** Plaintiff respectfully prays upon this court to grant Plaintiff declaratory and injunctive |
| 12 | relief, consistent with the findings of the aforesaid, including, but not limited to, enjoining the above- |
| 13 | named Defendants, as well as any party, yet unnamed Defendant(s), from Selling, Converting, or, by |
| 14 | any means whatsoever, Dispossessing Plaintiff of Property, until all Facts, are Clarified, as to be |
| 15 | determined following the completion of discovery, which is now pending, and, to provide Plaintiff, |
| 16 | thereafter, Oral Argument, and/or any other relief this court deems just and proper. |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | Respectfully Submitted, |
| 23 | |
| 24 | |
| 25 | _Cynthia Myers_ |
| 26 | Cynthia Myers |
| 27 | |
| 28 | |

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
CYNTHIA MYERS

**DEFENDANTS**
Bank of America, N.A., Regional Trustee Services Corporation,
Regional Service Corporation, Mortgage Electronic Registration Systems, et al.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

CYNTHIA MYERS

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $** INJUNCTIVE RELIEF

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title 42, Section 1983 and others. This is a civil rights action under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional rights.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | | |

---

**FOR OFFICE USE ONLY:** Case Number: SACV 10 - 0000 3 AJW

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County - Regional Service Corporation | Washington - Regional Trustee Services Corporation<br>Michigan - Mortgage Electronic Registration Systems |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *Cynthia Myers*  Date January 4, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cynthia Myers, C/O Estate of James Solomon<br><br>PLAINTIFF(S)<br><br>v.<br><br>Bank of America, N.A., See Attached<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV10-00003 GAF (AJW)<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S): _____ FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Cynthia Myers, Pro Per_____, whose address is _1988 Dwight Avenue, Camarillo, CA 93010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _1/04/2010_____      By: __A. Gragera_____

Deputy Clerk

*(Seal of the Court)*

FOR OFFICE USE ONLY

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                  **SUMMONS**

Cynthia Myers
1988 Dwight Avenue
Camarillo, CA 93010
(806) 390-3899

FILED

2010 JAN -4 AM 11: 23

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA MYERS,<br>C/O ESTATE OF JAMES SOLOMON<br><br>  PLAINTIFF<br><br>VS<br><br>BANK OF AMERICA, N.A.<br>REGIONAL TRUSTEE SERVICES CORPORATION<br>REGIONAL SERVICE CORPORATION<br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS<br>ET AL: Doe 1-10<br><br>  DEFENDANTS | CASE # SACV10 - 0000 3GAF (AJW)<br><br><br>VERIFIED COMPLAINT FOR DECLARATORY AND<br>INJUNCTIVE RELIEF TO VOID POWER OF SALE<br><br>**JURY TRIAL DEMANDED** |

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### TO VOID POWER OF SALE CLAUSE

NOW COMES Plaintiff, Cynthia Myers care of Estate of James Solomon, (hereinafter

collectively referred to as Plaintiff) who files this Verified Complaint for Emergency

Declaratory and Injunctive Relief, to Void Power of Sale, and, Cognovit Note/Confession of

Judgment, and, to further Enjoin Defendants' from Selling, Converting, or, by any means

whatsoever, Dispossessing Plaintiff of Property, until all Facts, are Clarified. In support

thereof, Plaintiff hereby avers as follows:

### INTRODUCTION

1. This is a civil rights action under 42 U.S.C. § 1983 for violation of Plaintiff's

constitutional rights as enumerated under the First, Fifth, Seventh and

Fourteenth Amendments to the United States Constitution.

2. Plaintiff invokes the power of this Court for the deprivation of Plaintiff's Due

Process rights; deprivation of Plaintiff's right to redress grievances and

access to court; deprivation of Plaintiff's right to property; and, for the

LODGED

2010 JAN 24 AM 10: 46
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY