UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA MYERS,<br>C/O ESTATE OF JAMES SOLOMON<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br>et al.,<br><br>    Defendants. | Case No. SACV 10-00003 ODW (AJW)<br><br>MEMORANDUM AND ORDER<br>DISMISSING COMPLAINT<br>IN PART WITH LEAVE TO AMEND |

Plaintiff, proceeding pro se, filed a complaint under 42 U.S.C. § 1983 alleging federal and state claims. On March 20, 2010, plaintiff filed a first amended complaint ("FAC") and a petition for a temporary restraining order ("TRO") against the Bank of America, N.A.; Regional Trustees Services Corporation; Mortgage Electronic Registration Systems, Inc.; the law firm of Miles, Bauer, Bergstrom & Winters LLP; ERA Cusick Realty; several individual officers or employees of those firms; and Does1 through 10,000.

On May 10, 2011, an order was filed adopting the Report and Recommendation ("Report") filed on March 2, 2011. Accordingly, plaintiff's section 1983 claim has been dismissed without leave to amend for failure to state a claim upon which relief can be granted, plaintiffs' request for a TRO was denied, and the Court declined to exercise supplemental jurisdiction over plaintiff's state law claim. Because, however, plaintiff may able to amend her complaint to assert a basis for diversity jurisdiction, plaintiff's state law claims are dismissed with leave to amend, as explained in more detail below. [See Report at 7 n.2].

Plaintiff has the following options:

1. Plaintiff may continue this action in this court by filing a document labeled **"Second Amended Complaint"** bearing case number SACV 10-0003 ODW (AJW) within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must attempt to correct the defects described below. The amended complaint should be limited to plaintiff's **state law claims only** because plaintiff's federal claim was dismissed without leave to amend**.** If plaintiff is suing in a representative capacity and therefore, for the reasons explained below, is required to obtain counsel in order to proceed with this action, plaintiff should file a **notice of substitution of counsel** at the same time she files her second amended complaint. Any request for an extension of the twenty-one day deadline must be filed before that deadline and be supported by a showing of good cause.

2. Plaintiff may file a **"Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge dismissal of her state law claims in the Ninth Circuit Court of Appeals. If the court receives timely written notice of plaintiff's intent not to file an amended complaint, plaintiff's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, and plaintiff may seek to appeal the judgment of dismissal. Cf. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3. Plaintiff **may do nothing** in response to this order. If plaintiff does not respond to this order by filing either a timely amended complaint or a timely notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action **with prejudice** under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this order. See Edwards, 356 F.3d at 1063-1066.

**Plaintiff is cautioned that failure to timely file an amended complaint will result in dismissal of this action.**

### Plaintiff's Allegations

The FAC is 128 pages long. It is confusing, disorganized, argumentative, and replete with lengthy excerpts and quotations from legal and other sources. Many, if not most, of the relevant facts are omitted,

or at least are not alleged in any understandable fashion. However, it appears that plaintiff is challenging: (1) the validity of a non-judicial foreclosure proceeding pursuant a promissory note secured by a deed of trust with a power-of-sale clause, on the ground that the mortgage debt was paid in full or on other grounds rendering the non-judicial foreclosure proceeding unlawful on the facts of this case; and/or (2) the lawfulness or enforceability of the promissory note and deed of trust, which plaintiff alleges are void or unenforceable due to fraud, lack of consideration, unconscionability, or on other grounds. [See, e.g., FAC 7, 9, 20-22, 25, 28-31]. Plaintiff alleges numerous violations of California law. [FAC 1]. In the body of her complaint, plaintiff also alleges that her Fourteenth Amendment due process rights have been violated. [See, e.g., FAC 7, 30-34].

## Discussion

**Subject matter jurisdiction**

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]" Fed. R. Civ. P. 8. "The party seeking a federal forum has the burden of establishing [subject matter] jurisdiction." Wellness Community-National v. Wellness House, 70 F.3d 46, 49 (7th Cir. 1995).

When she filed this action, plaintiff invoked federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and alleged a violation of her federal rights.[See Complaint filed Jan. 4, 2010 at 1-2; Civil Cover Sheet filed Jan. 4, 2010]. Thus, plaintiff pleaded an adequate basis for federal question subject matter jurisdiction over this action when it was filed. See Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988)("Subject matter jurisdiction must exist as of the time the action is commenced."). However, the dismissal of plaintiff's only federal claim and the decision to decline supplemental jurisdiction means that the court does not possess subject matter jurisdiction over plaintiff's state law claims.

When plaintiff filed the FAC, she added several defendants who were not named in the original complaint. The FAC does not invoke federal subject matter jurisdiction under 28 U.S.C. § 1331. Instead, under the heading "Memorandum of Points and Authorities," she alleges that "[d]iversity of jurisdiction [sic] is present in this matter as the real property in question is in California and Defendant and/or other entities involved are in other states and/or countries. Therefore, Plaintiff hereby invokes Erie doctrine and

3

will accordingly use California law and/or may use federal laws accordingly." [FAC 10]. Thus, it appears that plaintiff may be attempting to invoke diversity jurisdiction in the FAC. See 28 U.S.C. § 1332.

The FAC, however, does not include allegations pertaining to the identity or the citizenship of the defendants named on the title page or the specific amount in controversy. A plaintiff has the burden to plead complete diversity of citizenship and to include allegations showing that the amount-in-controversy requirement is satisfied. See 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a); Hunter v. Philip Morris USA, 582 F.3d 1039,1042 (9th Cir. 2009) ("[F]ederal courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant."). Plaintiff must show that the jurisdictional requirements were met on the date this action was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-572 (2004).

Although there is reason to suspect that complete diversity does not exist[1], it is not a foregone conclusion that plaintiff cannot cure the defects in her jurisdictional allegations. Therefore, her state law claims are dismissed for lack of subject matter jurisdiction with leave to amend. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); see also Morongo Band of Mission Indians, 858 F.2d at 1380 n.3 ("When the district court has jurisdiction over the action at the outset but the complaint inadequately alleges jurisdiction, the court may grant leave to amend the defective allegations.").

**Plaintiff's capacity**

Plaintiff filed this action pro se "c/o Estate of James Solomon" ("Estate"). [FAC 1]. The relationship between plaintiff and the Estate of James Solomon is not alleged in the FAC, nor is it clear whether plaintiff is attempting to bring claims in a representative capacity on behalf of the Estate, or in her personal capacity to vindicate her own rights. The caption, however, suggests that plaintiff is attempting to represent the Estate.

---

[1] For example, the named defendants include the law firm Miles, Bauer, Bergstrom & Winters, LLP ("Miles LLP"). The firm's website states that it has offices in California. See http://www.mileslegal.com/. For diversity purposes, the citizenship of an LLP (limited liability partnership) is determined by examining the citizenship of each of the LLP's members. See Carden v. Arkoma Assoc., 494 U.S. 185, 196-197 (1990). Therefore, complete diversity of citizenship does not exist if, on the date this action was filed, any member of defendant Miles LLP was a citizen of California.

| | |
|---|---|
| 1 | It is well-established that a non-attorney, such as plaintiff, cannot represent another individual or |
| 2 | entity, including an estate, in a federal court action, regardless of whether subject matter jurisdiction is |
| 3 | invoked under section 1331 or 1332. See 28 U.S.C. § 1654 ("In all courts of the United States the parties |
| 4 | may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, |
| 5 | are permitted to manage and conduct causes therein."); C. D. Cal. Local R. 83-2.10.2 *(*"Any person |
| 6 | representing himself or herself without an attorney must appear pro se for such purpose. That representation |
| 7 | may not be delegated to any other person, including a spouse, parent or other relative, nor to any other party |
| 8 | on the same side who is not represented by an attorney. A non-attorney guardian for a minor or an |
| 9 | incompetent person must be represented by counsel."); Johns v. County of San Diego, 114 F.3d 874, 876- |
| 10 | 877 (9th Cir. 1997)(explaining that a non-attorney may appear pro se on his own behalf but has no authority |
| 11 | to appear as an attorney for others, and that these principles bar a non-attorney from representing minors |
| 12 | or incompetents); Russell v. United States of America, 308 F.2d 78, 79 (9th Cir. 1962)(per curiam)("A |
| 13 | litigant appearing in propria persona has no authority to represent anyone other than himself."); see also |
| 14 | Pridgen v. Andresen, 113 F.3d 391, 392-393 (2d Cir. 1997)(holding that the executrix of an estate could not |
| 15 | prosecute the appeal pro se on behalf of the estate). |
| 16 | Accordingly, if plaintiff is suing in a representative capacity on behalf of the Estate, she cannot file |
| 17 | a complaint or seek other relief pro se, even if diversity jurisdiction exists over her state law claims. That |
| 18 | potential defect is procedural and could be cured if an attorney appeared on behalf of the Estate. Plaintiff |
| 19 | is entitled to the opportunity to cure that defect, if necessary. |
| 20 | /// |
| 21 | /// |
| 22 | /// |

**Conclusion**

For the reasons described above, plaintiff has not pleaded a sufficient basis for diversity jurisdiction over her state law claims, and it is unclear whether or not she is attempting to bring this action in a representative capacity. A pro se litigant must be given leave to amend unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (stating that leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Accordingly, as explained in the instructions given at the beginning of this memorandum, plaintiff's state law claims are dismissed with leave to amend.

May 17, 2011

_____
ANDREW J. WISTRICH
United States Magistrate Judge